IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Noreen Phillips                                  *
5126 Sekots Road, Apt. #C2
Baltimore, Maryland 21207                        *

                      Plaintiff,       *

                      v.               *

                                                  *   Civil Action No.:

Goodwill Industries
222 Redwood Street                               *
Baltimore, Maryland 21201
                                                  *

And
                                                  *

Goodwill Industries International, Inc.
15810 Indianola Drive                            *
Rockville, MD 20855
                                                  *

                   Defendants.       *   **JURY TRIAL DEMAND**

                                                  *

Serve On:                                        *

Judith A. Branzell, Esquire                      *
15810 Indianola Drive
Rockville, MD 20855                              *

                                                  *

                                                  *

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

## **COMPLAINT**

NOW COMES, Noreen Phillips, Plaintiff, (hereinafter "Plaintiff" or "Phillips"), through counsel, Thomas B. Corbin & Associates, LLC, and complains against Defendants, Goodwill Industries, and Goodwill Industries International, Inc. (hereinafter "Defendants" or "Goodwill") and in support thereof states the following:

### Jurisdiction and Venue

1. This action arises under the provisions of the Title VII of the Civil Rights Act of 1964, (Title VII), as amended 42 U.S.C. §§ 2000e, *et. seq.*, and the Americans with Disabilities Act, (ADA), 42 U.S.C. § 12101 *et seq.*, as hereinafter more fully appears. The subject matter jurisdiction of this Court is properly invoked pursuant to the provisions of 28 U.S.C. §§ 1331 and 1343. Venue is proper in this Court pursuant to 42 U.S.C. § 2000e. This Court has personal jurisdiction over the Defendants as citizens of Maryland, or as persons who transact business within the State of Maryland.

### Nature of the Action

2. Plaintiff brings this action to secure protection of rights granted under the statute mentioned above, to redress deprivation of rights there under, and to obtain such other relief as is necessary to redress the injury to Plaintiff resulting from Defendants' violation of that statute.

3. Plaintiff's damages are significant, including, but not limited to, the loss of salary, reputation, career advantage, emotional tranquility and denial of her statutory rights.

### Administrative Procedure

4. In May 2009, Phillips filed a timely charge of discrimination with the Baltimore District

Office of the Equal Employment Opportunity Commission (EEOC), alleging sex and disability discrimination.

5. EEOC conducted an investigation, and found reasonable cause to believe that Defendants discriminated against Plaintiff.

6. A subsequent attempt at conciliation between the parties was not successful.

7. On July 16, 2014, EEOC issued a Notice of Right to Sue.

8. Having met all procedural prerequisites set forth in § 706 of Title VII (42 U.S.C. § 2000e-5), Phillips filed the instant lawsuit, within ninety (90) days of her receipt of the Notice.

### Parties

9. Plaintiff is an adult citizen of the United States, and a resident of the State of Maryland.

10. Defendants are incorporated in the State of Maryland, and operate as charitable entities.

11. During all relevant times, Defendants employed Phillips.

12. At all relevant times, Defendants were "employers" as defined by 42 U.S.C. §§ 2000e(b), and employed the requisite number of employees.

### Allegations Common to All Counts

13. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 12 with the same effect as if herein fully set forth.

14. Defendants employed Phillips for two (2) years, until her termination in 2009.

15. Phillips last worked in Defendants' housekeeping department, and was assigned to the offices of the Social Security Administration.

16. Phillips' performance was always at least satisfactory.

17. Phillips suffers from mild mental retardation and a learning disability, caused by lead paint exposure and poisoning in childhood.

18. Phillips has also endured major depression for more than fifteen (15) years.

19. The aforementioned disabilities substantially limit Phillips' major activities of thinking, learning writing, concentrating, working and sleeping.

20. Phillips' depression worsened during her employment with Defendants.

21. While employed with Defendants, Phillips was subjected to harassment and continuous threats of termination from management.

22. Management would constantly follow her around while she worked, and Phillips would frequently be called "retarded."

23. Phillips would often be summoned to what the employee's called the "persecution room," and be written up for infractions she did not commit.

24. Phillips was constantly isolated from other housekeepers while working.

25. Phillips was also subjected to sexual harassment from one individual male manager.

26. The male manager demanded sexual favors from Phillips, in exchange for her keeping her job.

27. The sexual molestation and assaults occurred frequently.

28. The manager assigned Phillips to the ground floor, where she worked alone, so he could sexually assault her.

29. The manager would press up against Phillips, and attempt to disrobe her.

30. The manager directed lewd comments toward Phillips.

31. Phillips kept silent about the assaults because she was afraid she would lose her job.

32. All of the manager's conduct was unsolicited, and unwanted, by Phillips.

33. During that time, Phillips was "put down" and made fun of, because of her disability.

34. Phillips requires therapeutic services to manage her depression.

35. Phillips also had, and continues to have difficulty, sleeping at night.

36. Phillips takes prescribed medication as a result of the harassment and molestation directed toward her while working with Defendants.

37. On May 8, 2009, management lied and told Phillips that her status as a "trainee" was finished, and immediately terminated her.

38. However, other "trainees" were not terminated.

## COUNT I
### (Action under ADA for Discrimination Based on Disability)

39. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 38 with the same effect as if herein fully set forth.

40. Phillips suffers from mild mental retardation and a learning disability, caused by lead paint exposure and poisoning in childhood.

41. Phillips has also endured major depression for more than fifteen (15) years.

42. The aforementioned disabilities substantially limit Phillips' major activities of thinking, learning writing, concentrating, working and sleeping.

43. Phillips' depression worsened during her employment with Defendants.

44. During that time, Phillips was "put down" and made fun of, because of her disability.

45. Phillips requires therapeutic services to manage her depression.

46. Phillips has difficulty sleeping at night, and takes prescribed medication, as a result of the harassment directed toward her while working with Defendants.

5

47. Phillips' condition qualifies her as "disabled" within the meaning of the ADA.

48. Defendants were aware of Phillips' disabilities.

49. Phillips was treated less favorably than other similarly situated coworkers, who were not disabled, or female.

50. As a result, Phillips endured a lot of stress and anxiety, during all relevant times of the Complaint.

51. The disabilities also affect Phillips' sleeping patterns due to medications she regularly takes.

52. Phillips was, at all times relevant to the Complaint, otherwise qualified to pursue her duties with Goodwill.

53. Notwithstanding the condition, Phillips was able to perform all aspects of her job with or without accommodation(s).

54. Phillips did not pose a significant risk of harm to her co-employees.

55. Defendants' conduct is in direct violation of §12112(a) of the ADA, in that it was an improper motivating factor in the decision to discharge her because of her disabled status.

56. Defendants interfered with Phillips in violation of Title I of the ADA §12203(b).

57. Through its actions, Defendants discriminated against Phillips on the basis of her disability by wrongfully discriminating, harassing and discharging her.

58. The effect of Defendants' conduct has been to deprive Phillips of equal employment opportunities, and to deprive her of the same rights as enjoyed by other individuals.

59. As a direct and proximate result of Defendants' conduct, Phillips has sustained substantial economic losses, including past and future compensation, and other

economic benefits.

60. Phillips has also sustained loss of financial stability, peace of mind and future security, and has suffered embarrassment, humiliation, mental and emotional distress and discomfort.

61. The reasons proffered by Defendants for Phillips' discharge were pretextual and false.

**COUNT II**
**Action pursuant to Title VII for Sex Discrimination**
**(Sexual Harassment)**

62. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 61 with the same effect as if herein fully set forth.

63. Plaintiff is female.

64. Defendants treated Plaintiff less favorably than their male employees, and she was subjected to sexual harassment because of her gender.

65. From March or April 2007, until her termination, Plaintiff was subjected to harassment and ridicule from manager, Michael Jacobs.

66. Jacobs demanded sexual favors from Phillips, in exchange for her keeping her job.

67. The sexual molestation and assaults occurred frequently.

68. Jacobs assigned Phillips to the ground floor, where she worked alone, so he could sexually assault her.

69. Jacobs would press up against Phillips, and attempt to disrobe her.

70. Jacobs directed lewd comments toward Phillips.

71. Phillips kept silent about the assaults because she was afraid she would lose her job;

however, she did approach a Director, and asked a transfer more than once.

72. All of the Jacobs' conduct was unsolicited, and unwanted, by Phillips.

*Noreen E Phillips*
Noreen Phillips

WHEREFORE, Plaintiff, Noreen Phillips, prays this Court grants the following relief:

- A. A permanent injunction, enjoining Defendants, their officers, agents, servants, employees, attorneys and all persons in active concert or participation with them, including their successors and assigns, from engaging in any employment practice which retaliates against individuals based on the unlawful practices delineated in this Complaint;
- B. An Order directing Defendant to carry out policies and programs, which provide equal employment opportunities and which will eradicate the effects of its past and present unlawful employment practices;
- C. Judgment in favor of Plaintiff and against Defendant, for appropriate back wages and front wages and benefits, with prejudgment interest in amounts it is determined that Plaintiff loss because of Defendant's unlawful conduct;
- D. Judgment in favor of Plaintiff and against Defendant for compensatory damages in the amount of $750,000.00;
- E. Judgment in favor of Plaintiff and against Defendant for punitive damages in the amount of $750,000.00;
- F. An award granting Plaintiff attorney's fees and costs, and;
- G. Such further relief as the Court deems necessary and proper, and in the public

interest.

## Demand for Jury Trial

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands trial by jury for all issues pled herein so triable.

Dated this 5th day of October 2014.

Respectfully submitted,

**Thomas B. Corbin & Associates, LLC**

_____/s_____
Thomas B. Corbin
Bar No.: 26577
201 North Charles Street
Suite 1106
Baltimore, MD  21201
(410) 685-0400
(410) 685-0707 (Fax)
email: thoscorbin@aol.com

Counsel for Plaintiff