UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Chambers of<br>**GEORGE L. RUSSELL, III**<br>United States District Judge | 101 West Lombard Street<br>Baltimore, Maryland 21201<br>410-962-4055 |

June 19, 2015

MEMORANDUM TO COUNSEL RE:     Noreen Phillips v. Goodwill Industries, et al.
                                                        Civil Action No. GLR-14-3256

Dear Counsel:

   Pending before the Court is Defendants', Goodwill Industries of the Chesapeake, Inc. ("GIC") and Goodwill Industries International Inc. ("GII"), Motion to Dismiss (ECF No. 5), and Plaintiff's, Noreen Phillips, Motion to Strike Defendants' Exhibits B and C in Support of their Motion to Dismiss (ECF No. 15).  Having reviewed the pleadings and supporting documents, the Court finds no hearing necessary.  See Local Rule 105.6 (D.Md. 2014).  For the reasons outlined below, Plaintiff's Motion to Strike will be denied as moot and Defendants' Motion to Dismiss will be granted.

   Ms. Phillips suffers from mental retardation and a learning disability.  She has also experienced major depression for more than fifteen years and requires therapeutic services to manage this condition.  Ms. Phillips worked as a participant in GIC's federally-funded rehabilitative training program for two years.  Ms. Phillips alleges she was subjected to harassment and threats of termination by management while on assignment in the housekeeping department at the offices of the Social Security Administration.  Specifically, Ms. Phillips alleges management followed her around while she worked, frequently called her "retarded," often wrote her up for infractions she did not commit, and isolated her from other housekeepers.  Additionally, Ms. Phillips alleges one particular manager sexually harassed her by demanding sexual favors in exchange for her keeping her position, by pressing up against her and attempting to disrobe her, and making lewd comments to her.  She states she did not report this alleged harassment because she was concerned about losing her job.  On May 8, 2009, Ms. Phillips was informed that her time as a participant in the rehabilitative training program was over and she was terminated.  As a result of the alleged harassment, Ms. Phillips asserts that she requires prescribed medication and therapeutic services, and has difficulty sleeping.

   Prior to filing this lawsuit, Ms. Phillips filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against GIC.[1]   On July 16, 2014, the EEOC issued a Right to Sue Letter.  (See Compl. ¶ 7, ECF No. 1).  On October 16, 2014, Ms. Phillips filed her Complaint alleging GII and GIC subjected her to disability discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 et seq. (2012) (Count I) and sexual harassment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-16 et seq. (2012) (Count II).  Defendants filed their Motion to Dismiss on January 12, 2015, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

---

[1] Ms. Phillips names "Goodwill Industries" as her Employer and notes a street address as 222 Redwood Street, Baltimore, MD 21201.  (See Defs.' Mot. to Dismiss Ex. A ["Charge of Discrimination"], ECF No. 5-2).

First, Defendants argue the Court lacks subject matter jurisdiction to hear Ms. Phillips's claims against GII because Ms. Phillips did not exhaust her administrative remedies by filing a charge of discrimination against GII as required under both Title VII and the ADA. Motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) raise the question of whether the court has the authority to hear the case. Davis v. Thompson, 367 F.Supp.2d 792, 799 (D.Md. 2005). The court may properly grant a motion to dismiss for lack of subject matter jurisdiction "where a claim fails to allege facts upon which the court may base jurisdiction." Id. "The burden of proving subject matter jurisdiction on a motion to dismiss is on the plaintiff, the party asserting jurisdiction." U.S. ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 348 (4th Cir. 2009) (quoting Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)).

"Before a plaintiff may file suit under Title VII, . . . [s]he is required to file a charge of discrimination with the EEOC." Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009); see also 42 U.S.C. § 2000e-5(f)(1) (2012). The scope of the plaintiff's right to sue is limited to the parties identified and practices complained of in the charge of discrimination. Id. Failure to exhaust administrative remedies deprives the federal courts of subject matter jurisdiction. Id. Thus, this Court only has jurisdiction over those parties and claims stated in the charge.

GII was not named in the EEOC charge. The only employer identified in the Charge of Discrimination was "Goodwill Industries" located at 222 Redwood Street, Baltimore, Maryland. (See Charge of Discrimination). GIC is the only "Goodwill Industries" at this address. GII is located at 15810 Indianola Drive, Rockville, Maryland.[2] Thus, GII was not identified as a Respondent in the Charge of Discrimination.

"Failure to name a party in the EEOC charge normally means the plaintiff did not exhaust the administrative remedies against those parties, and a district court must dismiss the case." Mayes v. Moore, 419 F.Supp.2d 775, 782 (M.D.N.C. 2006). Ms. Phillips argues, because she named "Goodwill Industries" as the respondent in her EEOC charge, the "substantial identity" exception to the naming requirement should be applied in this case. The substantial identity exception allows an unnamed respondent to be sued in a district court action where the "unnamed defendants are substantially or 'functionally' identical to named ones." Id. at 783. Ms. Phillips, however, fails to set forth any factual allegations showing any affiliation between GIC, located in Baltimore, Maryland, and GII, a separate business entity located in Rockville, Maryland. Because Ms. Phillips did not satisfy Title VII's naming requirement, she has failed to exhaust her administrative remedies as to GII.

Further, the United States Court of Appeals for the Fourth Circuit has explained that notice to the employer of the alleged discrimination serves as a vital function in remedying an unlawful employment practice because it gives an employer the opportunity to independently investigate and resolve the alleged discriminatory actions. See Balas v. Huntington Ingalls Indus., Inc., 711 F.3d 401, 407 (4th Cir. 2013). Prior to the filing of this lawsuit, GII had no knowledge of Ms. Phillips's allegations against it. Moreover, to the extent Ms. Phillips alleges GII is a "joint employer," by which both entities may be considered her employer, "[a] charge must be filed against each employer to pursue a claim against that employer." EEOC Compliance Manual, § 2-III(B)(1)(a)(iii)(b). Thus, the Court lacks jurisdiction to consider Ms. Phillips's claims against GII, and GII will be dismissed.

---

[2] (See Compl., ECF No. 1) (noting, in the caption of the Complaint, the address for GII as Rockville, Maryland, and the address for GIC as Baltimore, Maryland).

Next, Defendants argue Ms. Phillips fails to state a claim against GIC because she worked as a participant in GIC's federally-funded rehabilitative training program and, therefore, she was not employed by GIC. To survive a Federal Rule of Civil Procedure 12(b)(6) motion, the complaint must allege enough facts to state a plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Title VII and the ADA prohibit discrimination by an employer against an employee. See Garrett v. Phillips Mills, Inc., 721 F.2d 979, 980 (4th Cir. 1983) (interpreting Age Discrimination in Employment Act ("ADEA"), in which the operative language is identical to the operative language in Section 703(a)(1) of Title VII, to mean that an "individual" only has a cause of action under the ADEA if he is an employee of the defendant); see also Brennan v. Mercedes Benz USA, 388 F.3d 133, 135 (5th Cir. 2004) ("[T]he ADA does not provide a cause of action where the plaintiff is not in an employment relationship with, or an applicant for employment with, the defendant."). Decided in the context of the National Labor Relations Act, the Fourth Circuit has specifically held that participants in GIC's federally-funded rehabilitative training program are not employees of GIC. Balt. Goodwill Indus. v. NCRB, 134 F.3d 227, 229 (4th Cir. 1998) (per curiam). This Court then specifically extended the Fourth Circuit's analysis to cases brought under the ADA. See Ghee v. Goodwill Indus. of Chesapeake, Inc., No. JFM-09-251, 2009 WL 692115, at *1 (D.Md. Mar. 10, 2009) aff'd sub nom. Ghee v. Goodwill Indus., 332 F.App'x 7 (4th Cir. 2009).

As in Ghee, the Court will not make a distinction between the meaning of "employer" within the meaning of the National Labor Relations Act and Title VII. See id. To the extent Ms. Phillips argues GIC exerted sufficient control over her employment such that she can claim employee status under the test set forth in Garrett, 721 F.2d at 981, that test does not apply in this case. The eleven factors set out in Garrett were used to determine whether plaintiff could establish sufficient control over his employment to claim employee status as an independent contractor. Because Ms. Phillips cannot demonstrate an employment relationship, GIC will be dismissed with prejudice.

For the reasons stated above, Plaintiff's Motion to Strike (ECF No. 15) is DENIED as MOOT[3] and Defendants' Motion to Dismiss (ECF No. 5) is GRANTED. The Complaint is DISMISSED. GIC is DISMISSED with prejudice. Despite the informal nature of this memorandum, it shall constitute an Order of this Court, and the Clerk is directed to docket it accordingly and CLOSE the case.

        Very truly yours,

        /s/
        _____
        George L. Russell, III
        United States District Judge

---

[3] The Court did not rely upon Defendants' Exhibits B and C to rule on the Motion to Dismiss and, therefore, need not consider Plaintiff's Motion to Strike.